UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARL S. HALL, )
 )
       Petitioner, )
 )
v. ) CAUSE NO. 3:14-CV-1929 RM
 )
 )
SUPERINTENDENT, )
 )
       Defendant. )

OPINION AND ORDER

Carl S. Hall, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding (ISO 14-08-0025) that was held at the Indiana State Prison on August 5, 2014. (DE 1.) The disciplinary hearing body found him guilty of possessing a controlled substance — a synthetic drug lookalike — in violation of A-100 and sanctioned him with the loss of 60 days earned credit time and demotion to Credit Class 2. On appeal, the offense was modified to a violation of B-202, use or possession of a controlled substance, but the sanctions weren't changed.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. Wolff v.

McDonnell, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Mr. Hall raises four grounds for relief in his petition.

First, Mr. Hall argues that there was insufficient evidence to find him guilty of possessing a controlled substance because the substance confiscated from him field tested "negative." Possessing a synthetic lookalike drug is unlawful as well. "A person who possesses a synthetic drug or synthetic drug lookalike substance commits possession of a synthetic drug or synthetic drug lookalike substance, a Class B infraction." Indiana Code § 35-48-4-11.5(b). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Mr. Hall doesn't dispute that he possessed the green, leafy substance that looked like an illegal drug, so there was sufficient evidence to have found him guilty. This ground isn't a basis for habeas corpus relief.

Second, Mr. Hall argues that he wasn't allowed to challenge the modification of the charge from A-100 to B-202. Though Wolff requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it doesn't require such a notice to specify the specific name or number of the rule violation, its severity, or the case number assigned to the matter. Wolff v. McDonnell, 418 U.S. 539. This point was illustrated

in <u>Northern v. Hanks</u>, 326 F.3d 909, 911 (7th Cir. 2003), in which there was no due process violation when the final reviewing authority changed the charge on appeal – long after the hearing. The court of appeals reasoned that, "[b]ecause the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights." <u>Id.</u> The change in the offense name and number made no substantive difference to the factual basis of the charge against Mr. Hall, so this ground presents no basis for habeas relief.

Third, Mr. Hall argues that the evidence didn't support the guilty finding because some of the photographs taken of the seized lookalike drug also include a picture of another inmate and that inmate's DOC number. (See Ex. I, L.) Mr. Hall claims that because a photo of a different inmate was included in the picture of the lookalike drug, the charge was brought against the wrong person. The photo including another person doesn't affect the sufficiency of the evidence. Three correctional personnel were present when the shake down of Mr. Hall took place, and all three saw the confiscation of the leafy substance that was discovered during the shakedown. (EX, A, N, O, P, Q.) This is more than enough to satisfy the "some evidence" standard. <u>Supt. v. Hill</u>, 472 U.S. at 455.

Fourth, Mr. Hill argues that the hearing officer violated Department of Correction policy by requesting additional statements by two officers as to why there was another offender's picture in the evidence photographs, and also argues that there was a violation of department policy because the sanctions weren't approved. Relief in a federal habeas corpus proceeding is only available for a violation of the United States Constitution or

other federal law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Claims premised on an alleged violation of a prison policy don't provide a basis for granting federal habeas relief. In addition, Mr. Hall doesn't allege any prejudice from the additional investigation or the approval of the sanctions. Without a showing of prejudice, Mr. Hall can't demonstrate a violation of due process. Piggie v. Cotton, 342 F.3d 660, 666 (7th 2003). Neither of these arguments warrant habeas relief either.

Finally, Mr. Hall appears to assert two additional claims in his traverse. (DE 5.) He asserts that the disciplinary board did not review video evidence and the hearing officer wasn't impartial. A traverse isn't the place to assert new claims for the first time. See RULE 2(C)(1) OF THE RULES GOVERNING SECTION 2254 CASES (providing that all grounds for relief must be contained in the petition). Even so, these claims are without merit.

The first claim raised in his traverse is that the disciplinary board didn't review video evidence of an inmate giving Mr. Hall the headphones that contained the lookalike drug shortly before they were confiscated by officers. Due process only requires access to witnesses and evidence that are exculpatory. See Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence); see also Meeks v. McBride, 81 F.3d 717, 721 (7th Cir. 1996) ("exculpatory evidence" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt"). The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. Jones v. Cross, 637 F.3d 841, 847 (7th Cir. 2011); Piggie v. Cotton, 342 F.3d at 666.

It's not clear whether the hearing officer reviewed the videotape, but any such omission would be harmless because the video isn't exculpatory. A video showing another offender giving Mr. Hall the headphones wouldn't change the fact that the headphones, that contained the lookalike contraband, were found in Mr. Hall's possession. That the headphones might originated with another offender who transferred it to Mr. Hall doesn't negate the fact that Mr. Hall possessed them.

Mr. Hall's second new claim is that the hearing officer wasn't an impartial decision maker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Id. Due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. Id.

Mr. Hall's traverse doesn't explain clearly why he thinks the hearing officer was biased, but there is no indication in this record that he was involved in any way in the events underlying the charge. Mr. Hall appears to believe the hearing officer was impartial because the evidence didn't support the finding of guilt and because the sanction was harsh. Adverse rulings alone don't establish impermissible bias. Liteky v. United States, 510 U.S. 540, 555–556 (1994).

There is enough evidence for a disciplinary board to have found Mr. Hall guilty of the charged offense, and there has been no showing that he was deprived any due process along the way. For these reasons, the court DENIES the petition (DE 1).

SO ORDERED.

ENTERED: August  27 , 2015             /s/ Robert L. Miller, Jr.
                                       Judge
                                       United States District Court